BOULEVARD GLOBE AND LAMP COMPANY, PLAINTIFF IN ERROR, v. KERN INCANDESCENT GASLIGHT COMPANY, DEFENDANT IN ERROR.

Argued December 6, 1901—Decided March 3, 1902.

Where parties have entered into a contract and one of them afterwards requests the other to address him a letter that is capable of the construction that such contract has not been made, the conversation that induced the writing of such letter is admissible proof upon the question of the existence of the contract.     In such case the meaning of the words employed in the writing is a court question, but the purpose for which the writing came into existence is for the jury.     The object of the oral testimony is not to alter, vary or contradict the sense of a writing, but to show that the writing itself was not what upon its face it seemed to be.

---

On error to the Supreme Court.

For the plaintiff in error, *James J. Bergen* and *William D. Edwards*.

For the defendant in error, *Robert M. Boyd, Jr.*

The opinion of the court was delivered by

GARRISON, J.     This was an action in contract for the purchase of six thousand lamps.     The substantial dispute is over the existence of the contract.     The testimony admitted upon this issue was partly documentary and partly oral, consisting of certain letters and the conversations in pursuance of which

such letters had been written. The oral testimony tended to show that, at the request of the defendant, certain of the letters were written for a purpose other than that which appeared upon their face, and that they had no bearing upon the making of the contract. This testimony was properly admitted and was competent for this purpose. The prevailing opinion delivered in this court in the case of *Wharton* v. *Christie*, 24 *Vroom* 607, turned upon a question of fact, and does not militate against the correctness of the rule of evidence stated by Mr. Justice Van Syckel in his dissenting opinion. As I understand the rule of law, if two parties have entered into a contract and one of them afterwards requests the other to address to him letters that are capable of the construction that such contract has not been made, the conversation that induced the writing of such letters is admissible proof upon the question of the existence of the contract. In such case the meaning of the words employed in the writings is a court question, but the purpose with which the writings came into existence is for the jury. The object of the oral testimony is not to alter, vary or contradict the legal import of the writing, but to show that the writing itself was not what, on its face, it seemed to be. If this exposition is correct, there was error in the trial below. The learned judge who presided placed upon some of the letters that had passed between the parties a meaning that was inconsistent with the plaintiff's claim and nonsuited his action. In doing so he necessarily ignored the oral testimony of the plaintiff, to the effect that these letters were written after the contract had been made and for an alien purpose suggested by the defendant. It was not within the competence of the judge to weigh this testimony, and the effect of ignoring it at the trial is to substantiate it upon error. Assuming even the possibility of the truth of the discarded testimony, the plaintiff's claim has not been correctly disposed of.

Whether the trial judge placed the proper construction upon the documentary proofs is not here for discussion, in view of the decision that has been reached.

*38 Vroom.* Bouvier v. Baltimore & New York Ry. Co.

The point made by counsel for the defendant in error, that Kotzenberger, the defendant's general manager, had no authority to enter into a contract with the plaintiff on behalf of the defendant, has been considered. The testimony as to the authority of this agent was conflicting, but inasmuch as it would have supported a verdict to the effect that he had the requisite authority, it would have been error for the court to have nonsuited upon this ground. It therefore furnishes no reason for sustaining the nonsuit that was ordered upon the ground that has been disposed of.

The judgment of nonsuit is reversed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, HEN-DRICKSON, ADAMS, VOORHEES. 5.

*For reversal*—THE CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, VREDENBURGH, VROOM. 8.