## ANTON KOKOLL v. BROHM & BUHL LUMBER CO.

Submitted July 2, 1908—Decided November 9, 1908.

The unexplained presence on a public highway of a team of runaway horses harnessed to a wagon, unattended by the owner or other person, raises a presumption of negligent management on the part of the owner, and if they collide with another vehicle on the street because they were not under proper control, the owner will be liable for damages resulting therefrom.

On appeal from the District Court of the city of Newark.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff, *Henry H. Fryling.*

For the defendant, *Frank Benjamin.*

The opinion of the court was delivered by

BERGEN, J. While the plaintiff was repairing a carriage which stood in the street near the curb in front of his workshop, defendant's runaway team, attached to a wagon, collided with and damaged plaintiff's carriage, for which he brought a suit and recovered the judgment now under review. The testimony shows that plaintiff was a carriage-maker doing business in the city of Newark; that a customer had left, for repair, a carriage on the public street close to the curb in front of plaintiff's workshop; that while plaintiff was repairing the carriage on the street, where it had been left, the collision occurred; that there was no one on defendant's wagon, the team being unattended, nor did any explanation appear for this unusual condition. We think the fact that a team of runaway horses are found dashing along a public highway without the attendance of the owner or his servants, raises a presumption of negligence in their management and care which will render him liable, in the absence of

explanation, for injuries caused by their unrestrained acts. *Unger* v. *Forty-second Street Railroad Co.,* 51 *N. Y.* 500.

The defendant offered no explanatory facts, but permitted the presumptive negligence arising from the case stated to stand unchallenged. The defence insisted upon is that plaintiff was a wrong-doer because the carriage he was repairing was an obstruction to the street, contrary to a municipal ordinance, and therefore he cannot recover. Whether the ordinance has any influence in this case we are not called upon to determine, because the only question raised on this branch of the case by the specifications is that "the weight of the evidence showed contributory negligence on the part of the plaintiff," and this court, on an appeal from the District Court, will not consider the weight of evidence.

We find no error in the record brought up, and the judgment will be affirmed.