CARRIE L. SCHORB, DEFENDANT IN ERROR, v. HENRY HAURAND, PLAINTIFF IN ERROR.

Submitted July 6, 1908—Decided November 16, 1908.

1. In case of trial of a cause by the court without a jury, errors cannot be assigned upon the opinion of the court, nor upon matters of blended law and fact.

2. Where executors are given power to sell real estate generally by their testator's will, except as to certain property "which it is my desire shall be kept intact in my estate for the term of ten years; but, however, should it become necessary in the opinion of my executors to sell said property in a shorter time than ten years for the interest and benefit of my estate, then I give them full power to sell and dispose of my said property whenever it shall become necessary in their opinion so to do"—*Held*, that as to the property directed to be held intact the executors have no right to the possession thereof to enable them to maintain ejectment for it.

On error to the Supreme Court.

For the defendant in error, *Melosh & Morten.*

For the plaintiff in error, *Francis J. Blatz.*

The opinion of the court was delivered by

VOORHEES, J.    This is an action of ejectment, brought to recover possession of undivided one-third part of lands No. 115 East Front street, in Plainfield, New Jersey.

The case was tried at the Circuit by the court without a jury.    A motion to nonsuit was made, and to the refusal to grant it, the only exception taken at the trial, was sealed. The judgment was for the plaintiff.    Other alleged errors seem to be assigned upon the opinion upon matters of blended law and fact, without exceptions sealed.    Such findings cannot be reviewed by writ of error.    *Doolittle* v. *Willet, 28 Vroom* 398; *Jersey City* v. *Tallman,* 31 *Id.* 239; *Weger* v. *Delran,* 32 *Id.* 224; *New Jersey Rubber Co.* v. *Commercial Assurance Co.,* 35 *Id.* 51; *affirmed, Id.* 580; *Brewster* v. *Banta,* 37 *Id.* 367; *Allerton* v. *Grundy,* 38 *Id.* 55; *Snyder* v. *Commercial Union Assurance Co., Id.* 626.

The plaintiff is one of three devisees for life of the premises under the will of Elizabeth M. Schorb, who died in 1899. The testatrix gives first a life estate to her husband, John M. Schorb.    He died December 31st, 1906.    At the time of the death of testatrix the property was in possession of defendant, under a written lease, executed by the testatrix in her lifetime, together with her husband, John M. Schorb, which expired March 1st, 1902.    The defendant, after the date of expiration of the lease, held over and remained in possession, paying the same rent to the life tenant, John M. Schorb, until his death, December 31st, 1906.    The right to remain in possession in this manner, of course, could not extend beyond the life of the life tenant.    After John's death the defendant still continued in possession, and paid his rent for January, February and March, 1907, to the executors of the

testatrix, but by what authority is not shown.   The pro-
visions of the will disposing of the property after the life
estate to testatrix's husband are as follows:

"Fourth: In the event of the death of my said husband,
I give the remainder of my property, both real and personal,
to Carrie L. Schorb, wife of John M. Schorb, Junior, Minnie
Schorb, wife of William A. Schorb, and Josephine A. Mason,
wife of Charles Mason, to be theirs during the term of their
natural life, and in the event of the death of any of the
above-named persons the interest of the parent to go to the
children of said parent and their heirs forever; the intention
being to divide my property, in the event of my husband's
death, into three equal parts as nearly as can be."

The will also contained the following clause:

"Fifth: I give to my executors hereinafter named, power to
sell and give good and sufficient deeds for any real estate
which I may own at the time of my death, except the property
known as 115 East Front street, in the City of Plainfield,
which it is my desire shall be kept intact in my estate for the
term of ten years; but, however, should it become necessary,
in the opinion of my executors, to sell said property No. 115
East Front street in a shorter time than ten years for the
interest and benefit of my estate, then I give them full power
to sell and dispose of said property, whenever it shall become
necessary in their opinion so to do."

The ground upon which was rested the motion to nonsuit
is that the plaintiff was not a *proper party*, but that the execu-
tors should have brought the action.   Clearly they had no
right to the possession of the property.   The plaintiff became
entitled to possession of her one-third at once upon the de-
cease of the life tenant, John M. Schorb, December 31st,
1906. *Moores* v. *Moores*, 12 *Vroom* 440. The power to sell
was a naked power not to be exercised by them for a term of
ten years (at the time of the bringing of the suit not then
elapsed) unless it became necessary to sell sooner.   So that
until that necessity arose in the opinion of the executors,
they had no control whatever over the property.   The neces-
sity for sale had not yet arisen in the opinion of the executors,

for aught that appears in the case. In any event, they had no right to the *possession* of the premises. There was no error in refusing to nonsuit.

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Green, Gray, Dill, J.J. 16.

*For reversal*—None.