ALEXANDER FRANCOIS, APPELLEE, v. MAX HANFF, APPELLANT.

Submitted December 5, 1908—Decided February 23, 1909.

1.  The unexplained presence on a public highway of a team of run-
    away horses harnessed to a wagon, unattended by the owner or
    other person, raises a presumption of negligence on the part of
    the owner.
2.  *Kokoll* v. *Brohm & Buhl Lumber Co.*, ante p. 169, followed.

On appeal from District Court.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *Charles H. Burtis* and *Henry Singer*.

For the appellee, *James C. Agnew*.

The opinion of the court was delivered by

PARKER, J.   This appeal brings up the judgment in favor of the appellee, plaintiff below, in the District Court of Hoboken for damages to plaintiff's horse and wagon and harness by reason of a collision with a horse and wagon claimed to have belonged to the defendant.  The evidence in the case showed that plaintiff's horse and wagon were standing in the street alongside the curb when they were run into by another horse and wagon, the latter horse running away, and there being no driver at all in the wagon or anywhere in sight.

The first point urged before us is that the court below should have nonsuited on the ground that there was no proof of any negligence on the part of the defendant.

The defendant was sworn and testified that he owned the horse and wagon, and that the facts proven in this case with reference to the runaway horse and wagon raise a presumption of negligence has been very recently decided by this court in

the case of *Kokoll* v. *Brohm & Buhl Lumber Co., ante p.* 169, with the finding and reasoning of which we entirely agree.

We think, also, that this reasoning also disposes of the appellant's second point, that there was no proof that the defendant's horse was of a vicious disposition and that the defendant had knowledge of its vicious propensity. Such proof is not necessary in a case of this kind, for a horse does not have to be vicious in order to run away, but may be merely nervous and timid, or the horse may be neither nervous nor timid and yet be frightened by some cause against which due care on the part of the owner should have guarded. No proof of a vicious propensity therefore was called for.

The judgment will be affirmed.