## HENRY HAURAND, PROSECUTOR, v. CARRIE L. SCHORB AND JOSEPHINE A. MASON.

Submitted November Term, 1907—Decided March 15, 1909.

1. A notice in unlawful detainer proceedings, demanding possession of the whole premises claimed, or in the alternative of claimants being found not entitled thereto, then of two-thirds thereof, is not sufficient to support subsequent proceedings in which only two-thirds are claimed, as such notice, if valid at all, is good only as a demand for the whole until such demand is adversely adjudicated.

2. When the complaint in unlawful detainer sets up a claim to possession of an undivided two-thirds, a judgment for possession of the whole is bad.

On *certiorari.*

Before Justices GARRISON, REED and PARKER.

For the prosecutor, *Francis J. Blatz.*

The opinion of the court was delivered by

PARKER, J.   This *certiorari* brings up certain proceedings and a judgment in unlawful detainer in the District Court of Elizabeth.   The tenancy preceding the holding over which constitutes an unlawful detainer (*Gen. Stat., p.* 1596, § 5; *Pamph. L.* 1898, *p.* 556, § 99) was created by a written lease of Elizabeth Schorb and John M. Schorb, her husband, to the prosecutor, dated June 11th, 1897, for a term which expired on March 1st, 1902.   Elizabeth Schorb was the owner of the demised premises.   She died in 1899 during the term, leaving a will whereby she devised the premises to her husband for life, remainder after his death to her daughter, Josephine Mason, and her daughters-in-law, Carrie L. Schorb and Minnie Schorb.   There was a power of sale given to the executors but not exercised.   Haurand, the prosecutor, continued in possession under his lease until the expiration of the term, and thereafter held over, paying rent, until the death of the life tenant, John M. Schorb, on December 31st, 1906, at which time his tenancy, presumably one from year to year, was cut off by the termination of the life estate, and the right of immediate possession vested in the devisees in remainder.   This right Mrs. Carrie L. Schorb has successfully asserted, so far as relates to her one-third interest, by action of ejectment. *Schorb* v. *Haurand,* 47 *Vroom* 768.   The present inquiry relates to the validity or otherwise of the proceedings in unlawful detainer instituted by her and Mrs. Mason as joint plaintiffs, the third tenant in common, Mrs. Minnie Schorb, not having joined therein.   A judgment was entered in favor of plaintiffs for the entire property, and treble costs were imposed under the statute.

A number of reasons in *certiorari* are advanced, but we think the following are sufficient to demonstrate the invalidity of the proceedings and judgment.

In the first place, the notice, which is the foundation of the proceeding in unlawful detainer, does not support the complaint.   It demands, first, the possession of the whole interest in the premises in the names of the two claimants, "and in the event of it being found that they are not entitled to the

possession of the premises as before set forth," it then demands possession of two-thirds of the said premises. By their complaint these two plaintiffs claimed no more than an undivided two-thirds, naming Minnie Schorb as the third tenant in common. They were, therefore, not entitled to recover more than two-thirds. But by the terms of the notice, the demand for two-thirds is not effective until it is found that they are not entitled to recover the whole, and this would prevent the beginning of an action for two-thirds until the claim for the whole had been adversely adjudicated.

Another reason is, that even if the notice and complaint be taken as together claiming only a two-thirds interest, the judgment is too broad, inasmuch as it awards to the plaintiffs the whole of the property.

The question raised by the reasons, whether the plaintiffs were entitled under *Pamph. L.* 1905, *p.* 493, § 2, to prove their title by introducing the will of Schorb in evidence, or, in fact, to go into the question of title at all, would be interesting and might be important if it were properly before us, but it does not appear in the record as certified that the will was among the exhibits introduced in evidence, or indeed that the question of title was litigated at all. The printed case contains several pages headed "Objections of defendant," and these embody recitals as to the introduction of the will and rulings on its admission by the trial court; but as these "objections" are not certified in any way by the court below, we are not justified in regarding them in any other light than as allegations by counsel, which form no part of the return, and hence cannot be considered. The other reasons stated, however, are enough to invalidate the judgment and proceedings on which it rests, which will accordingly be set aside, with costs.