MINNIE K. DONOVAN v. IGNATZ BRENNING.

Argued June 1, 1909—Decided November 8, 1909.

A suit to recover for use and occupation cannot be maintained unless the relation of landlord and tenant exists between the parties; and such relation cannot be said to exist where the defendant entered into possession under a provision for that purpose contained in a contract of sale, which the plaintiff, for reasons *dehors* the contract, could not specifically enforce.

On appeal from the District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the plaintiff, *Perry & Stokes.*

For the defendant, *Godfrey & Godfrey.*

The opinion of the court was delivered by

MINTURN, J.   The defendant entered into possession of the premises 147 Ocean avenue, in Atlantic City, under an agreement in writing, executed by him with the plaintiff, the owner, whereby the plaintiff, in consideration of the payment to her of $6,550, agreed to convey the premises to the defendant, who, pending the delivery of the deed, by a covenant in the contract of sale, was allowed to take possession.   The plaintiff was unable, for reasons *dehors* the contract, to make title in accordance with her agreement, and the Vice Chancellor, on a bill filed, refused to enforce specific performance.

The agreement for sale was dated on the 14th of February, 1908, and the hearing in the chancery suit was concluded on November 12th, 1908.

The plaintiff then instituted this action to recover for the use and occupation of the premises "from the time of the entering thereof up and until the time of the institution of this suit," as alleged in the state of demand.

The District Court gave judgment in her favor, from which an appeal was taken to this court.

The only inquiry presented by the appeal is whether an action for use and occupation will lie where it is conceded, as it must be in this case, that the relation of landlord and tenant does not exist. This inquiry must be answered in the negative, as has been repeatedly determined by this court, as well as by the Court of Errors and Appeals. *Brewer* v. *Conover,* 3 *Harr.* 214; *Van Valkenburgh* v. *Rahway Bank,* 3 *Zab.* 583; *Freeman* v. *Headley,* 4 *Vroom* 523, 533; 24 *Cyc.* 885, and cases cited.

The judgment will be reversed.