JOSEPHINE A. MASON v. HENRY HAURAND.

Submitted July 1, 1909—Decided February 21, 1910.

1. The same notice and demand of possession passed on in *Haurand*
   v. *Schorb*, 48 *Vroom* 365, further considered in an action under
   the statute (*Gen. Stat.*, *p.* 1921, § 27) for double rent, and *held*
   insufficient under the circumstances to support such action.
2. The action of use and occupation is predicated on the relation of
   landlord and tenant, and based on contract, express or implied;
   and while from the fact of occupancy the relation of landlord
   and tenant will ordinarily be inferred, such inference is nega-
   tived by acts on the part of the landlord, amounting to a repu-
   diation of that relation, such as a demand of possession under
   penalty of liability for double rent.

On rule to show cause why nonsuit should not be set aside
and new trial ordered.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and PARKER.

For the plaintiff, *Melosh & Morten.*

For the defendant, *Francis J. Blatz.*

The opinion of the court was delivered by

PARKER, J. This case arises out of the same dispute that
gave rise to the litigation in *Schorb* v. *Haurand*, 47 *Vroom*
768, and *Haurand* v. *Schorb*, 48 *Id.* 365. The devolution
of title, plaintiff's interest as a life tenant in an undivided
one-third of certain real estate, and the tenancy thereof by
Haurand, are fully set out in the case first cited, in which a
judgment that Carrie L. Schorb, one of the three life tenants,
was entitled to recover in ejectment from him the possession
of the premises, was affirmed. Carrie L. Schorb and Mrs.
Mason, the plaintiff in the present suit, also brought an ac-
tion of unlawful detainer in the District Court, and obtained
a judgment which was by this court subsequently set aside.

48 *Vroom* 365. The present suit was brought by Mrs. Mason in this court, tried with a jury in the Union circuit, a nonsuit ordered, and rule to show cause granted by the trial judge why the nonsuit should not be set aside and a new trial ordered. That rule is now before us for determination.

The declaration contains four counts. The first count alleges that defendant Haurand came into possession of the premises already referred to, by, from, or under, or by collusion with John Schorb, who was tenant for life under his wife's will (see *Schorb* v. *Haurand, ubi supra*) ; that "the term of the tenancy for life" of said John Schorb expired on December 31st, 1906, but that defendant willfully held over after the determination of said term and after demand and notice in writing, until March 1st, 1908; and claims double rent for such holding over, pursuant to section 27 of the Landlord and Tenant act (*Gen. Stat., p.* 1921), which is based on the statutes of 4 *Geo. II., c.* 28, and 11 *Id., c.* 19.

The second count sets up substantially the same facts, reciting that a copy of the notice is annexed (though it is not).

The third count is for use and occupation; and the fourth sets up an account stated.

There was no pretence of proof under the fourth count. The plaintiff proved the will of her mother, the death of John Schorb, the judgment upheld in 47 *Vroom* 768, and the same notice that was passed on by this court in 48 *Id.* 365. She testified to a conversation with defendant a few days after John Schorb's death, in which he declined to commit himself as to continuing his occupation for another year and said he would let her know the 1st of May. Plaintiff was positive that nothing was said about his staying at the same rent. Defendant paid rent for January, February and March, 1907, to the executors of Elizabeth Schorb, under whose will plaintiff claimed. The rest of the evidence was . directed to the rental value of the property.

The first question is whether plaintiff made out a case

for recovery of double rent under the statute. This question we think must be answered in the negative. The statute provides that "if any tenant * * * for any term of life or lives * * * or other person * * * who shall come into possession of any lands, tenements or hereditaments by, from, or under, or by collusion with such tenant or tenants, shall willfully hold over * * * after the determination of such term or terms, and after demand made and notice in writing given for delivering the possession thereof by * * * the person or persons to whom the remainder or reversion of such land * * * shall belong * * *," then the person holding over shall be liable for double the yearly value for the time of such holding over, &c. While the conditions of this case may be considered to have fulfilled the terms of the statute, we regard the notice as insufficient to support an action under the act. The notice was the identical one that this court passed upon in *Haurand* v. *Schorb,* 48 *Vroom* 365; and it was then held that primarily it demanded possession of the whole premises, to which demandants were not entitled, their interest being only one-third each, or two-thirds in all; and that as a demand for possession of two-thirds it was ineffective as being conditioned on a determination that they were not entitled to the whole. That ruling applies to the present case as well; and therefore the statutory action for double rent was left without any notice such as is contemplated by the statute to give it support.

The count for use and occupation remains to be considered; and here again we think the plaintiff failed to make out a cause of action. The law is well settled that the action of use and occupation will not lie except on contract, express or implied. It is predicated on the relation of landlord and tenant. *Tayl. L. & T.,* § 637; *Brewer* v. *Conover,* 3 *Harr.* 214; *Stewart* v. *Fitch and Boynton,* 2 *Vroom* 17. It is true that from the fact of occupancy a contract to pay rent will ordinarily be implied (*Chambers* v. *Ross,* 1 *Dutcher* 293); but in that very case it was conceded that if the character of the

occupancy be such as to negative the existence of a demise, no such implication arises. So, in a case of tenant holding over after expiration of his term and after proceedings to dispossess him, the remedy is for mesne profits or double rent. *Tayl. L. & T.,* § 637. The present case is quite similar. Plaintiff by her notice demanding possession under penalty of double rent made her election to hold defendant substantially as a trespasser. She repudiated the existence of any relation of landlord and tenant, and should not be heard now to say that any such relation is implied from the fact of an occupation that she said was unlawful and sought to terminate. It is true that in Chambers *v.* Ross the owner was permitted to recover in use and occupation after disclaimer of his ownership; but this was because the disclaimer was in misapprehension of his rights, he believing the property had been sold and the sale afterwards falling through on account of a defective title; and also because the tenant had not paid rent to anyone else or been otherwise prejudiced. That case in no way impugns the rule that an owner cannot treat the possession of an occupant as that of a trespasser and that of a lawful tenant during the same period. 18 *Am. & Eng. Encycl. L.* (2d ed.) 266; *Birch* v. *Wright,* 1 *T. R.* 378; *Featherstonhaugh* ads. *Bradshaw,* 1 *Wend.* 134.

Under none of the counts, therefore, did the plaintiff make out a case to go to the jury. The nonsuit was consequently correct, and the rule to show cause will be discharged.