JOSEPHINE A. MASON, PLAINTIFF IN ERROR, v. HENRY
HAURAND, DEFENDANT IN ERROR.

Argued November 22, 1911—Decided March 4, 1912.

1. The statutory action for double the annual value of demised
   premises for holding over after determination of the term and
   notice to quit from the landlord or owner (*Comp. Stat., p.* 3076,
   § 27), is a penal action, and a plaintiff therein must bring his
   case strictly within the terms of the statute.
2. A notice demanding possession of the premises, or in the event
   of its being found that claimant is not entitled to the posses-
   sion of the premises as set forth, demanding possession of a
   specified undivided interest in said premises, being in the al-
   ternative, is not sufficient to support an action under section 27
   of the Landlord and Tenant act.
3. *Mason* v. *Haurand,* 50 *Vroom* 375, in this respect approved.

On error to the Supreme Court.

For the plaintiff in error, *Melosh & Morten.*

For the defendant in error, *Francis J. Blatz.*

The opinion of the court was delivered by

PARKER, J. This writ of error is in effect, though not in
form. a review of the decision of the Supreme Court in *Mason*
v. *Haurand,* 50 *Vroom* 375, which, although decided on rule to
show cause, dealt with the very question of law now presented,
viz., whether there was error in nonsuiting the plaintiff. The
Supreme Court held that the nonsuit was proper, and its de-
cision being upon a motion for new trial was not reviewable.
But the plaintiff began a new action, and at the trial submitted
her case by consent upon the printed book of testimony and
other evidence produced at the original trial, and some addi-
tional testimony not affecting the main question; and the trial
judge very properly directing a nonsuit in view of the Supreme
Court decision. the matter comes before us on a writ of error
from this ruling.

The controversy between these parties has been so thoroughly threshed out already that a further repetition of the facts seems hardly called for. Those relating to the creation of the original tenancy of the defendant, and the subsequent devolution of the title to the reversion, are fully stated in *Schorb v. Haurand*, 47 *Vroom* 768, and *Haurand v. Schorb*, 48 *Id.* 365. Haurand's term expired in 1902, but he held over, paying rent to John M. Schorb, the life tenant, at whose death, on December 31st, 1906, the tenancy, presumably one from year to year, terminated by the extinction of the life estate. *Schorb v. Haurand, supra.* Carrie L. Schorb, Minnie Schorb and Josephine Mason, the present plaintiff in error, then succeeded to the reversion as tenants in common for life, under the will of the original lessor. Minnie Schorb does not appear in any of the litigation thus far before the Supreme Court or this court, though her interest under the will is undisputed. Carrie Schorb and Josephine Mason, about June 4th, 1907, caused to be served on Haurand the notice dealt with in two of the former decisions but not heretofore given in full. It is as follows:

*"To Henry Haurand:*

"Take notice that we demand of you possession of the premises No. 115 East Front street, in the city of Plainfield, and State of New Jersey, or so much thereof as is now occupied by you, including therein, but not in limitation thereof, the store floor and cellar of said premises, such possession to be yielded to us by you on the fifth day of June, nineteen hundred and seven, at twelve o'clock noon, and that unless you surrender the same to us at that time we shall hold you liable at the rate of double the yearly value of said lands and tenements for such time as the same shall be detained by you subsequent to that date, which said yearly value amounts to the sum of two thousand four hundred dollars, we having had, and still having, an offer to rent the same at that yearly rent.

"In the event of it being found that we are not entitled to the possession of the premises as before set forth, we demand of you possession of two-thirds of the premises above set forth, to be yielded to us on the fifth day of June aforesaid, at twelve

o'clock noon, and that in such event, unless you surrender the same to us at that time, we shall hold you liable at the rate of two-thirds of double the yearly value of said lands and tenements for such time as they shall be detained by you subsequent to said June fifth, nineteen hundred and seven. Said yearly value amounting to the sum of two thousand four hundred dollars, as aforesaid.

"It is to be distinctly understood that although giving this notice we reserve all our respective rights, both legal and equitable, in the premises, and do not in any way waive our claims against you for the rent which is due to us for said premises from May first, nineteen hundred and seven.

"Dated June 4th, 1907.

"Yours respectfully,

"JOSEPHINE A. MASON,
"CARRIE L. SCHORB."

Upon this notice they based a suit of unlawful detainer in the District Court, claiming a two-thirds interest, and recovered judgment therein which was set aside in *certiorari* on the ground that the notice was in the alternative and would not support a demand for two-thirds until it had been adjudicated that claimants were not entitled to the whole interest; and on the further ground that the judgment was broader than the complaint. 48 *Vroom* 365. Mrs. Carrie Schorb also sued in ejectment for her undivided one-third and recovered a judgment which was affirmed in this court (*Schorb* v. *Haurand, supra*), and which was put in evidence in the present case. Mrs. Mason, defeated in the unlawful detainer proceedings, then brought the suit in which the opinion in 50 *Vroom* 375, was delivered, and of which the present suit is a duplicate. There are four counts in the declaration. The first two are for double rent under section 27 of the Landlord and Tenant act for holding over after termination of the term and notice demanding possession. The third is for use and occupation. The fourth is on an account stated. As noted in the Supreme Court opinion, no pretence of a claim is made under the fourth count. Under the count for use and occupation this court

concurs in what was said by the Supreme Court (50 *Vroom* 377, 378) that the position taken by plaintiff in repudiating the relation of landlord and tenant by the notice, necessarily negatived any claim for use and occupation, which must be predicated on that relation. In fact that part of the former decision is not now questioned. The sole point now made is that the Supreme Court erred in holding that the notice was insufficient to support an action under the statute. To support this, plaintiff in error now attacks a passage in the opinion in 50 *Vroom*, which intimates that the demandants in the notice were not entitled to possession of the whole premises but only of two-thirds, as incorrect, and urges that in ejectment they would be entitled as against a stranger to recover the entire possession. This may be so under section 24 of the Ejectment act (*Comp. Stat., p.* 2058; *Bouvier* v. *Baltimore and New York Railway Co.,* 38 *Vroom* 281, 296); although apart from this the rule seems to vary in different jurisdictions—10 *Am. & Eng. Encycl. L.* (*2d ed.*) 512; 15 *Cyc.* 180, 181. But a determination of this point is not essential to a decision of this case, for we may assume that plaintiff could have recovered in ejectment possession of the whole premises as against defendant—a rather violent assumption, in view of the judgment for possession of one-third in favor of Carrie Schorb, which plaintiff put in evidence. A recovery in ejectment, however, is a very different thing from a suit for double the rental value of the premises, which is an action resting on a penal statute. 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 409; 24 *Cyc.* 1193; *Wood L. & T.,* § 622. Its penal character is indicated not merely by the recovery of double the rental value, but by the provisions that the defendant shall be obliged to give special bail, and that he shall have no relief in equity. Hence, the plaintiff's case must be clearly within its terms.

The ordinary notice to quit is sufficient to support an action for unlawful detainer. *Townley* v. *Rutan,* 1 *Zab.* 674; and the statute of unlawful detainer is almost identical in its language with that now under consideration (*Comp. Stat., p.* 2599, § 5); so that such a notice would seem sufficient to sup-

port this action also. But we have here in combination a notice by two parties ascertained by the evidence to be owners of the reversion in only two undivided thirds, claiming the whole or two-thirds of the premises as the rights of the claimants may be determined in the future; and based on this a suit by one of these two claiming double the annual rental value of the whole property. It has been held in a suit under 11 *Geo. II., c.* 19, § 18, which is now section 28 of our Landlord and Tenant act, prescribing the penalty of double rental value for holding over after the tenant himself gives notice, that the notice must be direct and positive and should not depend on a contingency. *Farrance* v. *Elkington,* 2 *Campb.* 591. A *fortiori* should such a rule apply when the notice is given by the landlord or reversioner. Under such a notice as the present one, if held adequate, the tenant, by surrendering all, might surrender more than he was legally bound to do, and by surrendering only two-thirds, might subject himself to penalty of double value, notwithstanding his supposed compliance. We concur, therefore, in the view of the Supreme Court in the former case that the notice was insufficient to support the action.

The declaration seems also to be faulty in claiming double value of the whole instead of double value of plaintiff's moiety. The rule as laid down in the cyclopedias and text-books seems to be that unless there has been a joint demise, tenants in common cannot sue jointly, but each may, and apparently should, bring a separate action for double the value of his moiety. 24 *Cyc.* 1195, *note* 69; 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 410, *note* 11; *Wood L. & T.,* § 527. Granted the sufficiency of the notice, Mrs. Mason properly brought her separate action, but improperly laid claim to double the whole yearly value. It may be that the court might have controlled this in the trial; but on the face of the pleadings she, as one plaintiff, laid claim to all that she and another had jointly claimed in the notice. Whether this would justify a nonsuit need not be considered, for the nonsuit was properly rested on the insufficiency of the notice.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDEN-BURGH, CONGDON, WHITE, JJ.  11.

*For reversal*—THE CHANCELLOR, KALISCH, VROOM, JJ.  3.