TIETJE & CHRIST, A CORPORATION, PLAINTIFF AND AP-
PELLEE, v. POOLA CATALONA, DEFENDANT AND AP-
PELLANT.

Submitted July 1, 1915—Decided November 11, 1915.

1. The unexplained presence of the defendant's horse, harnessed to
a wagon, in the act of running away, and unattended by the
owner or other person, and on the sidewalk of the public highway
breaking through the plaintiff's show window, raises a *prima
facie* presumption of negligence upon the part of the defendant.

2. Evidence tending to show that the defendant's horse and wagon
had been left by his servant untied and entirely unattended on
the public highway; that theretofore both the defendant and his
servant had knowledge of the propensity of the horse to run
away when left untied and unattended, justifies a finding by a
jury, or by the trial judge sitting without a jury, of liability of
the defendant for damages caused by the horse when it ran away
by reason of being left untied and unattended.

On appeal from the District Court of the city of Hoboken.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *A. Orestes Ciccarelli.*

For the appellee, *Harlan Besson.*

The opinion of the court was delivered by

TRENCHARD, J.    This is an action for damages brought
by the plaintiff to recover for an injury done to his plate
glass window alleged to have been occasioned by a horse and
wagon of the defendant left standing in the public street
without being in charge of any person and without being
tied or otherwise secured.

The judge sitting without a jury rendered judgment for
the plaintiff and the defendant appeals.

We are of the opinion that the motion to nonsuit, based
upon the ground of no evidence of defendant's negligence,

was properly refused. The evidence, at the time the motion was denied, disclosed the unexplained presence of the defendant's horse, harnessed to a wagon, in the act of running away, and unattended by the owner or other person, and on the sidewalk of the public highway breaking through the plaintiff's show window. This evidence raised a *prima facie* presumption of negligence upon the part of the defendant. *Dennery* v. *Great A. & P. Tea Co.,* 82 *N. J. L.* 517.

Also, we think there was no legal error in the refusal of the motion for judgment in favor of the defendant based upon the same ground. At the time this motion was denied the evidence tended to show that the defendant's horse and wagon had been left by his servant untied and entirely unattended in the public highway; that theretofore both the owner and his servant had knowledge of the propensity of the horse to run away when left untied and unattended, and it was therefore open to a jury, or to the trial judge sitting without a jury, to find the defendant liable for damage done to the plaintiff's property by the horse when it ran away by reason of having been left untied and unattended. *Belles* v. *Kellner,* 67 *N. J. L.* 255.

The judgment below will be affirmed, with costs.