CARMELA BANCONE, ADMINISTRATRIX, ETC., OF JOSEPH BANCONE, DECEASED, APPELLANT, v. LOUIS E. DROVAN, RESPONDENT.

*Submitted January 29, 1932—Decided March 14, 1933.*

Before Justices PARKER and CASE.

For the appellant, *J. Glenn Anderson.*

For the respondent (no brief submitted).

PER CURIAM.

This is an appeal from a judgment of nonsuit. The complaint was in two counts. The first claimed in part for use and occupation of the top floor of a house owned by plaintiff's

intestate, pursuant to an alleged "agreement" between said intestate and the defendant (which was denied by the answer) and in part for moneys collected by defendant for rent of the remainder of the house, to the use of plaintiff as claimed. The second count was for use and occupation of the entire premises. The counter-claim, but not the answer, set up an agreement by deceased to sell the property to defendant, which deceased, as alleged, failed to carry out; and that defendant took possession of the premises and expended certain moneys on account of the same.

The evidence at the trial was very meagre. The opening of counsel is not printed, but at its conclusion the court asked plaintiff's counsel, "what is your understanding of the rule under these circumstances when he expends money on the property when he is in possession under a proposed agreement of sale?" Counsel claimed it was a tenancy at will. At the end of the colloquy defendant was called as a witness for plaintiff, and was the only witness, with the exception of a real estate man who testified on rental values. Defendant testified that he had agreed to buy the property for $6,500, paid $500 down and took a written receipt. This paper was produced at the request of plaintiff's counsel who examined on it but did not offer it in evidence. Defendant testified, in answer to a question by counsel for plaintiff, that the paper contained a statement that "final agreement will be made at the office of Judge Albano by both parties." He further testified that he had more than once asked deceased for a final contract but could never get it; and having taken possession as purchaser under the original arrangement, so remained until May 1st, 1930, paid off a mortgage, paid taxes, repairs, and other current charges, amounting to over $4,000.

It seems unnecessary to decide whether the written receipt is to be considered as in evidence. It was called for by plaintiff's counsel, inspected and examined on by him, and if not fully within the rule in *Convery* v. *Conger*, 53 *N. J. L.* 468; 22 *Atl. Rep.* 43, would seem to be evidence under the rule in *Ellison* v. *Cruser*, 40 *N. J. L.* 444, as expounded in *Decker* v. *George W. Smith & Co.*, 88 *Id.* 630 (at *p.* 635); 96 *Atl.*

*Rep.* 915. However, even without this paper there is uncontradicted evidence that defendant entered into possession, not under any agreement of tenancy, but under an agreement to purchase which he had always been ready and willing to carry out, and which finally fell to the ground through the fault of the seller. Given this situation, our decisions are clear that the action of use and occupation will not lie. *Brewer* v. *Craig et al.,* 18 *N. J. L.* 214. See *Van Valkenbergh* v. *Rahway Bank,* 23 *Id.* 583, 587; *Donovan* v. *Brenning,* 79 *Id.* 202; 74 *Atl. Rep.* 253; *Mason* v. *Haurand,* 79 *N. J. L.* 375, 377; 75 *Atl. Rep.* 452.

There was nothing in the evidence to show the relation of landlord and tenant. The nonsuit was right, and the judgment will therefore be affirmed.