SECOND DISTRICT COURT OF MORRIS COUNTY.

WASYL TABAKA, PLAINTIFF, v. ROBERTA HAMILTON
GERARD, DEFENDANT.

Decided January 10, 1934.

For the plaintiff, *Lyman M. Smith.*

For the defendant, *King & Vogt (Elmer S. King,* of counsel).

YOUNGELSON, J.   This action was brought by the plaintiff to recover damages for the loss of his horse by reason of the horse having been struck by the defendant's automobile upon a public highway.

It appears that on June 22d, 1933, at about nine o'clock in the evening, the plaintiff was conducting two horses from his barn on one side of the public highway across the highway to a pasture lot owned by him on the opposite side of the said highway and one of the horses stopped along the side of the highway to graze while the plaintiff conducted the other horse into the pasture field.   On his return across the highway to get the horse which had stopped to graze, defendant's car, being driven at a fast rate of speed, struck and injured the horse from which injuries the said horse subsequently died.

It is contended by the plaintiff that he saw the approach of defendant's automobile and that he waved and shouted to the defendant to stop or slow down because, as he testified, he "was afraid the horse might cross the road and be struck."

The defendant testified that she had observed no warning

given by the plaintiff and did not see the horse until just immediately before the impact and that the horse jumped right out in front of her automobile.

The road was thirty-three feet wide. The horse was grazing five inches from the right-hand side of the road and on the side in which the defendant's automobile was approaching.

It is contended by the plaintiff that the fact that the horse was left unattended upon the highway and unfastened, in violation of the statute, article 4, chapter 281 of *Pamph. L.* 1928, is not *per se* negligence. Plaintiff argues that although he was negligent, nevertheless, the act of the defendant in violating the speed limit allowed by law and in violating the warning given to her by the plaintiff, should *permit recovery* by the plaintiff in view of the faulty act of the plaintiff not being in a legal sense the contributory cause of the accident.

The court has no argument with the rule of law that the violation of the Traffic act or any ordinance does not in itself constitute negligence. Citations are numerous to this effect.

It is difficult for the court to understand why, if the horse was over on the extreme edge of the road, as testified by the plaintiff, it was necessary for the plaintiff to wave to the defendant to stop her automobile. Certainly, the impact between the defendant's automobile and plaintiff's horse must have been imminent to have warranted such action on the part of the plaintiff. If such were the case, the horse was either more or less in the road and directly in the path of the oncoming car being driven by the defendant, or it had darted out in the path of the automobile. Had the horse been bridled or roped, the plaintiff could have more easily held the horse back and directed its course, thereby preventing the accident.

Article 4 of chapter 281 of *Pamph. L.* 1928, known as the Traffic act, provides (section 3) that "no horse shall be left unattended in any highway unless securely fastened * * *." Section 4 of said act provides "no horse shall be unbitted in any highway unless secured by a halter." Section 10 of the said act provides "no person shall cease to hold the reins in his hands while riding, driving or *conducting* a horse."

It is a matter of common knowledge that some horses are frightened by the noises of motor vehicles. A careful perusal of the above sections of the Traffic act convinces the court that the legislature undoubtedly had this thought in mind when enacting these particular sections of the Traffic act, for it carefully provided for the attention or fastening of horses, at all times when they are upon the public highway.

Plaintiff had testified that he was afraid the horse might cross the road. He had, thereby, expressly stated his own fear for the horse's safety, which fact bears out the court's conclusion in this regard.

Plaintiff cites *State (Menger et al.)* v. *Lauer*, 55 *N. J. L.* 205; 26 *All. Rep.* 180, for the proposition that if "the faulty act of the plaintiff merely presents a condition under which the injury was received, and was not, in a legal sense, the contributory cause thereof, then the sole question will be whether, under the circumstances, and in the situation in which the injury was received, it was due to the defendant's negligence." But the court goes on to state immediately following the above quotation (26 *All. Rep.*—at *p.* 184): "But if the plaintiff's negligence proximately—that is, directly—contributed to the injury, it will disentitle him to a recovery, unless the defendant's wrongful act was willful or amounted to an intentional wrong."

It cannot be stated as a matter of fact that the defendant's wrongful act in the instant case was either willful or that she knew of the presence of the horse upon the highway or had received plaintiff's warning so that her act can be construed as an intentional wrong.

There can be no question of the fact that the defendant was traveling at a fast rate of speed, exceeding the speed limit allowed by law. But, as has already been stated, the violation of the statute is not of itself conclusive evidence of negligence. The act of the defendant must be the proximate cause of the accident. That is, there must have been no intervening, culpable or efficient agency to break the chain of causation and *there must be no negligence by any other person* and no other intervening elements, except natural and casual ones.

The plaintiff's act in permitting his horse to be unattended and unfastened upon the highway, directly contributed to the animal's injuries from which it subsequently died. It was, as Mr. Justice Minturn stated in *Marshall* v. *Suburban Dairy Co., 96 N. J. L.* 81; 114 *Atl. Rep.* 750, "the act of the defendant who negligently let loose the cause of the danger and thereby made the damage possible."

In *Dennery* v. *Great Atlantic and Pacific Tea Co., 82 N. J. L.* 517; 81 *Atl. Rep.* 861, it was held that "it is *prima facie* evidence of negligence for a person to permit his horse attached to a wagon to go out upon a public street without anyone driving or other person in charge. That a horse under such circumstances, finding itself without anyone's guidance or control, should soon commence running, is the result of both its nature and of its training. Its nature is to frighten at unusual sounds and sights and to run away from them." This principle has been cited with approval on many occasions. See *Hosking* v. *Isaacson,* 1 *N. J. Mis. R.* 291; *Tietje & Christ* v. *Catalona,* 88 *N. J. L.* 63; 95 *Atl. Rep.* 733; *Kakoll* v. *Brohn & Buhl Lumber Co.,* 77 *N. J. L.* 169; 71 *Atl. Rep.* 120; *Francais* v. *Hanff,* 77 *N. J. L.* 364; 71 *Atl. Rep.* 1128.

In *State (Menger et al.)* v. *Lauer, supra,* the plaintiff had set up a surveyor's instrument in the public road and had left it without anyone in attendance. The defendant was driving slowly along the highway looking at some houses on the side of the street, for the roofing of which he had contracted, to see whether the slaters were getting them finished. The street was unobstructed except by the plaintiff's instrument. The defendant did not see the instrument and he had no reason to expect to encounter any obstacle of that or any other character upon the highway. On motion by the defendant's attorney in the lower court, a nonsuit was granted and on appeal to the Supreme Court, it was held that the nonsuit was proper and that judgment should be affirmed, for the plaintiff was guilty of contributory negligence, such as disentitled him to a recovery.

"In this state," says M. Justice Depue (at *p.* 184), after considering the doctrine advanced by the plaintiff in the in-

stant case, "the established rule is that if the plaintiff's negligence contributed to the injury, so that, if he had not been negligent, he would have received no injury from the defendant's negligence—the plaintiff's negligence being proximately a cause of the injury—he is without redress, unless the defendant's act was a willful trespass, or amounted to an intentional wrong; and in such case the comparative degree of the negligence of the parties will not be considered."

In the instant case, the act of the plaintiff in permitting his horse to be unattended and unfastened upon a public highway, directly contributed to the accident so as to disentitle him to a recovery.

Judgment will be entered of no cause for action.