PENNSYLVANIA-READING SEASHORE LINES, A CORPORATION, PLAINTIFF-APPELLANT, v. UNIT CONSTRUCTION COMPANY, A CORPORATION, DEFENDANT-APPELLEE.

Submitted January term, 1936—Decided July 10, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Thompson & Hanstein.*

For the appellee, *Emory J. Kiess* (*William Charlton*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an appeal from a judgment of the District Court of the city of Atlantic City. The judgment is based on a verdict rendered by the trial judge, sitting without a jury, in favor of the defendant below. Plaintiff's claim sounds in contract; is evidenced by a bill of lading; and is for freight charges on goods carried by it to defendant's consignee. Plaintiff claimed that the freight was to be charged to defendant's account; the defendant proved, by parol evidence, that the original agreement was that the goods were to be shipped "C. O. D." and that the change from a "C. O. D." shipment to a prepaid one was inserted by the carrier in the bill of lading subsequent to the original contract without defendant's authorization. The sole question requiring decision is the propriety of the trial court's ruling in admitting the aforesaid parol evidence concerning the bill of lading.

Plaintiff relies chiefly on the authority of *Naumberg* v. *Young,* 44 *N. J. L.* 331; 42 *Am. Rep.* 380. But the distinction here is that the evidence adduced by the defendant did not add to or alter the terms of the written contract but rather tended to show that the written instrument was not the contract of the parties—that it was never, in fact, assented to and, therefore, could not and did not bind the defendant. The plaintiff presented evidence to show that, upon discovering the non-existence of a freight agent at the address of the consignee and the resultant inability to make a "C. O. D." shipment, it communicated this fact to the office of the defendant corporation and was told by a girl at that office that it would be satisfactory to send the goods prepaid. Plaintiff changed the term of the bill of lading accordingly. At this point, it becomes strikingly apparent that, by this action, the plaintiff embodied terms into the agreement which were not assented to by the defendant; for, in the absence of evidence showing any authority, a corporation cannot be bound contractually

by statements of an unidentified office employe. Thus, by presenting evidence to the effect that the terms of the shipment were "C. O. D." defendant did not add to or alter the writing but merely showed that the written instrument did not embody the contract of the parties. For the purposes stated, the parol evidence offered was properly admitted. Compare *Boulevard Globe and Lamp Co.* v. *Kern Gaslight Co.*, 67 *N. J. L.* 279; 51 *Atl. Rep.* 704; *Christie* v. *Lalor*, 116 *N. J. L.* 23; 181 *Atl. Rep.* 312. The proofs amply support the result reached by the trial judge.

Judgment is affirmed, with costs.