124 N.J. Super. 285 (1973)
306 A.2d 474
MARY SESSELMAN AND PATRICK SESSELMAN, HER HUSBAND, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
MUHLENBERG HOSPITAL, DEFENDANT, AND DR. CHARLES HELY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1973.
Decided June 22, 1973.
*287 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Mr. Richard E. Brennan argued the cause for defendant-appellant (Messrs. Shanley & Fisher, attorneys; Mr. James T. Clare of counsel).
Mr. Bertram Siegel argued the cause for plaintiffs-respondents (Messrs. Walsh & Siegel, attorneys).
PER CURIAM.
In this medical malpractice action plaintiffs had judgment entered in their favor on a jury verdict against defendants Dr. Hely and Muhlenberg Hospital.
The jury assessed damages in favor of plaintiff Mary in the sum of $55,000 for personal injury damages, and plaintiff Patrick per quod in the sum of $3,500. Defendant Hely thereupon moved (1) to enter judgment in his favor notwithstanding the verdict, (2) for a new trial on all issues, (3) for a new trial on damages on the grounds that they were excessive and against the weight of the evidence, and (4) for a remittitur of the damages. The motion for a remittitur was granted  Mary's award being reduced from $55,000 to $40,000 and Patrick's from $3,500 to $3,000.
Defendant Hely's other motions were denied and he appeals, urging a variety of trial errors and further that the damages as remitted are excessive.[1]
The record reflects this essential factual background 
Plaintiff Mary engaged defendant Dr. Hely, a licensed physician and specialist in obstetrics and gynecology, for *288 prenatal care on June 11, 1968. On December 22, 1968 Mary was admitted to Muhlenberg Hospital for the delivery of her baby. Prior to the actual delivery of the child, anesthesia was administered by a certified registered nurse anesthetist, one Mrs. Brownbach, an employee of Muhlenberg Hospital. Mrs. Brownbach was qualified as an anesthetist, having received special graduate instruction in that art and training. Nurse anesthetists were employed by the hospital rather than physician anesthesiologists since they were available 24 hours a day and since the time of delivery of babies could not be predicted or scheduled in advance.
The administration of the anesthesia involved the insertion of an airway into plaintiff's mouth. In addition to the airway, a catheter was inserted into her mouth through the airway and into her throat. The record contains facts and disputed inferences as to the actual manner in which plaintiff suffered her injury. In any event, it is clear that during the course of delivery she suffered damage to her teeth and mouth as a result of the administration of the anesthesia.
Fair inferences for jury consideration as to the causative factors in the damage to plaintiff's mouth were that she either had her mouth struck by a metal device during the course of the administration of anesthesia or that she bit down on an unprotected metal device while vomiting, the result of a foreseeable laryngospasm. Either version, which the jury might fairly infer was a proximate cause of the injury, could very properly be found to have been culpable negligence on the part of the anesthetist, Mrs. Brownbach. (It was also alleged to have been negligence on the part of Dr. Hely in failing to advise Mrs. Brownbach that plaintiff Mary had eaten, therefore rendering likely the possibility of vomiting, and thus misleading Mrs. Brownbach in her choice of anesthesia.)
Plaintiff's medical expert, one Dr. Heller, testified in response to a question as to the manner in which defendant Dr. Hely deviated from standard medical practice:
*289 In just about every area which is involved, since Dr. Hely is, first of all, in charge of the entire procedure in the delivery room, anything that goes wrong is his responsibility whether he had done it or whether one of his subordinates has done it. [Emphasis added]
In its instructions to the jury the court properly instructed them on the question of Muhlenberg's liability as follows:
Defendant hospital admitted that Mary Brownbach, the certified registered nurse anesthetist, was employed by the hospital. Evidence indicates also that Nurse Brownbach was assigned by the hospital to administer anesthesia to Mrs. Sesselman in connection with the birth of her child. Under these circumstances the hospital was legally responsible for any negligence of nurse Brownbach. * * *
The court's instructions also included an instruction on Dr. Hely's liability for negligence on the part of nurse Brownbach.
The extent of Dr. Hely's personal duty to supervise the control of the assisting nurses, including the nurse anesthetist, and, therefore, the extent of his legal responsibility and any negligent conduct of the nurses is governed by the established practice in the profession. * * * [Emphasis added]
We are satisfied that the testimony of Dr. Heller and the court's instructions on the vicarious liability of Dr. Hely for negligent conduct on the part of the anesthetist Brownbach was prejudiciously erroneous and had a clear capacity to mislead the jury on that issue. A court's instruction may not impose upon a defendant a duty where none exists in law. Kulas v. Public Service Elec. and Gas Co., 41 N.J. 311, 320 (1964); Guzzi v. Jersey Central Power & Light Co., 12 N.J. 251, 260 (1953); Isherwood v. Douglas, 34 N.J. Super. 533, 541 (App. Div. 1955).
Dr. Heller's testimony opining as to Dr. Hely's responsibility was inappropriately received into evidence. A medical expert testifying in a malpractice case is limited to the recitation of his understanding as to what comprises the standards in the profession, rather than a statement as to *290 his feelings as to what are legal bases for a physician's responsibility. An expert witness should distinguish between what he knows as an expert and what he may believe as a layman. It is not his function to instruct as to the law or to be the ultimate trier of the facts which is a role of the judge and jury respectively. The fact trier may be misled if an expert goes beyond that which he can contribute as an expert. In re Hyett, 61 N.J. 518, 531 (1972); Biro v. Prudential Ins. Co. of America, 110 N.J. Super. 391 (App. Div. 1970), rev'd 57 N.J. 204 (1970).
We are satisfied, as was Chief Justice Weintraub in Hyett, that "It is not unlikely that the jury was thus misled in this case." 61 N.J. at 531. The court here improperly instructed the jury that Dr. Hely might be found negligent for the conduct of Mrs. Brownbach in the administration of the anesthesia. She was the employee of the Muhlenberg Hospital. We have expressly rejected the "captain of the ship" doctrine as recognized in other jurisdictions. See McConnell v. Williams, 361 Pa. 355, 65 A.2d 243 (Sup. Ct. 1949); McKinney v. Tromly, 386 S.W. 2d 564, 12 A.L.R.3d 1011 (Tex. Civ. App. 1964).
Mrs. Brownbach did not become the legal servant or agent of defendant Hely merely because she received instructions from him as to the work to be performed. Tramutola v. Bortone, 63 N.J. 9 (1973); Martin v. Perth Amboy General Hospital, 104 N.J. Super. 335, 348 (App. Div. 1969); Viggiano v. Reppenhagen, Inc., 55 N.J. Super 114, 119 (App. Div. 1959). During the administration of the anesthesia and the dynamics of the childbirth we find nothing in the record whereby we can fairly say that defendant Dr. Hely undertook to exercise control over nurse Brownbach's activities to warrant removing him from the general rule.
The error in the charge and in the admission of evidence which we have discussed mandate a reversal and a grant of a new trial at which the jury will be limited to a consideration of whether Dr. Hely himself was negligent, and it will *291 not be permitted to find him vicariously liable for the conduct of the anesthetist.
It therefore becomes unnecessary to deal with the other issues argued by appellant, other than to note that (1) the damage award of $40,000 as remitted appears manifestly excessive, and (2) a review of the other points of appeal raised by defendant Hely demonstrates them to be without sufficient merit to warrant discussion.
Accordingly, plaintiffs' judgment against defendant Hely is reversed and the matter is remanded to the trial court for a new trial on all issues.
Reversed.
NOTES
[1] Muhlenberg Hospital does not appeal, having settled plaintiff's claims after the jury verdict for the sum of $9,750 on the assumption that it was satisfying its total exposure, by statute, of $10,000, presumably as a charitable institution. N.J.S.A. 2A:53A-8; Winters v. Jersey City, 63 N.J. 7 (1973). Plaintiffs' cross-appeal from the remittitur has been abandoned.