172 N.J. Super. 105 (1980)
410 A.2d 1190
THOMAS FANTINI, PLAINTIFF-APPELLANT,
v.
GARY ALEXANDER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1980.
Decided January 25, 1980.
*107 Before Judges FRITZ, KOLE and LANE.
Eugene M. Purcell argued the cause for appellant (Purcell, Ries & Shannon, attorneys; William P. Ries, on the brief).
Michael T. Cooney argued the cause for respondent (Hueston, Hueston & Sheehan, attorneys; Michael T. Cooney, on the brief).
PER CURIAM.
Plaintiff, a college student, instituted suit to recover damages for personal injuries he received while participating in the activities of a karate club of which defendant was the instructor in charge. The injury was received when plaintiff, who had *108 about 20 hours of instruction, was kicked in the head by a more advanced student with whom plaintiff was engaging in a "free fight" which was being staged only for demonstration purposes. He appeals from a judgment of dismissal granted at the close of plaintiff's case.
The allegation of negligence was:
Defendant failed to properly instruct and supervise the karate class and in particular the plaintiff. Defendant was negligent in instructing the plaintiff who was a complete novice to participate in a karate fight when he should have known that plaintiff did not have sufficient experience to so participate.
The applicable rule for measuring defendant's conduct is set forth in Restatement, Torts 2d, § 299A at 73 (1965):
Unless he represents that he has greater or less skill or knowledge, one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities.
In In re Suspension of Heller, 73 N.J. 292, 308 309 (1977), the rule was held applicable to a pharmacist. In Milliken v. Woodward, 64 N.J.L. 444, 448 (Sup.Ct. 1900), such rule was held applicable to fire insurance brokers. Certainly it is applicable to the conduct of those teaching karate.
In Sanzari v. Rosenfeld, 34 N.J. 128 (1961), the court discussed the requirement of establishing an applicable standard of conduct in cases where a jury is not competent to supply the standard by which to measure a defendant's conduct, as here.
Negligence is conduct which falls below a standard recognized by the law as essential to the protection of others from unreasonable risks of harm. In the usual negligence case, it is not necessary for the plaintiff to prove the standard of conduct violated by the defendant. It is sufficient for plaintiff to show what the defendant did and what the circumstances were. The applicable standard of conduct is then supplied by the jury which is competent to determine what precautions a reasonably prudent man in the position of the defendant would *109 have taken. 2 Harper & James, Torts, § 17.1, pp. 963 964 (1956). "[T]he jury [thus] must formulate an unformulated community standard of conduct and match the defendant's acts against it." Morris, "The Relation of Criminal Statutes to Tort Liability," 46 Harv.L.Rev. 453, 454 (1933). In the ordinary dental or medical malpractice case, however, the jury is not competent to supply the standard by which to measure the defendant's conduct. Since it has not the technical training necessary to determine the applicable standard of care, it cannot, without more, form a valid judgment as to whether the defendant's conduct was unreasonable under the circumstances. Therefore, ordinarily when a physician or dentist is charged with negligence in the treatment of a patient, the standard of practice to which he failed to adhere must be established by expert testimony. In such cases, if the plaintiff does not advance expert testimony establishing an accepted standard of care, it is proper for the court to grant a dismissal at the close of plaintiff's case. [at 134 135]
Plaintiff called Ronald J. Gaeta, who owned and taught in a karate school, as an expert witness. It is admitted that Gaeta was well qualified and accomplished in the field of karate. After an examination out of the presence of the jury, the trial judge examined a report Gaeta had submitted to plaintiff's attorney and then ruled that Gaeta had not established any generally accepted standard in this type of situation. He based his ruling on Fernandez v. Baruch, 52 N.J. 127 (1968), and Sesselman v. Muhlenberg Hospital, 124 N.J. Super. 285 (App.Div. 1973).
The determination of an expert's competency to testify and of the sufficiency, as distinguished from the weight of the testimony, is primarily for the discretion of the trial judge. An appellate court, however, will interfere where there has been a clear abuse of discretion. Sanzari v. Rosenfeld, supra, 34 N.J. at 136; Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 411 (1960). We find that there was a clear abuse of discretion in the holding of the trial judge, induced probably by the judge's consideration of the report submitted by Gaeta to plaintiff's attorney. Gaeta's testimony makes clear that in his opinion there was a generally recognized standard in the profession of karate instruction of when a student should be permitted to *110 "free fight." He was asked a hypothetical question by the judge:
... [W]as there any standard that would govern whether or not that man should be sent in to free fight with an Orange Belt with instructions to the Orange Belt, to both of them, to take it easy, and that was supposed to be  supposed to be a no contact situation, would that violate a standard in your opinion?
THE WITNESS: Definitely.
THE COURT: What standard would it violate?
THE WITNESS: Not enough time. Not enough time and training. Fourteen hours is ridiculous amount of time.
THE COURT: Twenty hours.
THE WITNESS: Twenty hours is not enough time. Not  not with sporadic training once a week. I would never have a student spar after that.
THE COURT: Do you know of any people who do it, other than instructors who do it?
THE WITNESS: Not in my organization, no. I do know of other acquaintances.
Shortly after that testimony Gaeta testified on redirect examination:
Q. My question is, is it a recognized principle of good practice among karate instructors not to permit that type of situation?
A. I have to say, yes, from my experience.
Q. Notwithstanding that, it may be violated by other instructors from time to time, is that correct?
A. Yes, it's always violated. When I started karate it was violated.
Q. So that there is a minimum standard or practice?
A. Well 
Q. Or principle which can be violated, is that correct?
A. Yes, sir.
A standard does not mean a principle which every practitioner in the applicable profession will follow. It is a generally recognized standard. There are always going to be persons in every profession who do not follow what the vast majority of practitioners recognize as proper conduct. Although it may be that Gaeta's testimony was weak, it was sufficient to constitute *111 a question of fact. Cf. Skupienski v. Maly, 27 N.J. 240, 246 (1958).
It is apparent from reading the transcript of Gaeta's testimony that he had some difficulty in distinguishing between the way in which he operated his school and the generally recognized standard. What he himself did would not be establishing the generally recognized standard and should not be offered to the jury. In re Hyett, 61 N.J. 518, 531 (1972). Upon the retrial, that problem can be adequately controlled by the trial judge.
The weight to be given to Gaeta's testimony is not for the trial judge but rather for the jury. Polyard v. Terry, 160 N.J. Super. 497, 511 (App.Div. 1978), aff'd o.b. 79 N.J. 547 (1979); Sanzari v. Rosenfeld, supra, 34 N.J. at 138.
Under the allegation of negligence asserted above, cases such as Jackson v. Hankinson, 51 N.J. 230 (1968), and Titus v. Lindberg, 49 N.J. 66 (1967), are not applicable. It is apparent, however, from the argument on the motion to dismiss, which was granted because plaintiff had failed to adduce testimony from an expert witness establishing a generally recognized standard of care from which defendant departed, that plaintiff wished to contend that there were other bases to support negligence which did not involve the conduct of defendant as a professional. Since plaintiff should have a proper opportunity to prepare his case, on remand a pretrial conference will be held well in advance of the retrial.
The judgment of dismissal is reversed. The matter is remanded to be proceeded with in accordance with this opinion. We do not retain jurisdiction.