190 N.J. Super. 146 (1983)
462 A.2d 201
MICHAEL BRACKEN, PLAINTIFF-APPELLANT,
v.
RICHARD BRUCE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 14, 1983.
Decided June 29, 1983.
*148 Before Judges FRITZ, JOELSON and PETRELLA.
Nicholas A. Lacovara attorney for appellant (William A. Sheehan on the brief).
Parker, McCay and Criscuolo attorneys for respondent (Jeffrey P. Heppard on the brief).
The opinion of the court was delivered by PETRELLA, J.A.D.
After presentation of plaintiff's case to the jury on the issue of liability, defendant successfully moved for involuntary dismissal on the ground that plaintiff had not established any violation of duty or proximate cause. Plaintiff appeals, and we reverse and remand for trial.
Viewed from the standpoint of plaintiff's case the facts indicate that on March 11, 1972, a Saturday morning, in Monroe Township in Gloucester County, plaintiff Michael Bracken, then 13 years of age, was riding a horse bareback towards the middle of the road and was about to make or was already starting to *149 make a right turn onto another street. Some friends of plaintiff were on horseback a few hundred feet ahead of him. Plaintiff heard a car engine and looked back and recognized defendant's car turning onto the road from defendant's house. Defendant, father of one of plaintiff's friends, drove his car to the rear of plaintiff and his horse. Plaintiff was holding on to the reins,[1] maintained his speed on the horse and did not turn around again. At a stop sign plaintiff was going to make a right turn to follow his friends when defendant, who was "right behind" him at about the stop sign, beeped his horn three or four times. Plaintiff testified that he was "scared" and that the "horse was scared," and that the honking sound "jolted my horse, made him jump forward...." Plaintiff was thrown from the horse, which then ran off. On cross-examination plaintiff indicated that he had told someone, but he did not remember whom, that he heard the horn before being thrown by the horse.
A motion to dismiss on the opening statement was denied. See Nelson v. Great Atl. & Pac. Tea Co., 48 N.J. Super. 300, 304 (App.Div. 1958). Defendant again moved for dismissal at the close of plaintiff's case. In granting defendant's motion for involuntary dismissal, the judge found that, giving plaintiff the benefit of all reasonable inferences, reasonable minds could not differ from the conclusion that defendant's conduct did not constitute negligence. He said, without expressly reaching the issue of proximate cause, that he did not remember any testimony that the horse was frightened. However, plaintiff had indeed testified: "The horse was scared." He also testified that the sounding of the horn "jolted my horse." There was no objection to the questions or the answers, and we add that such testimony did not require an expert's opinion. See Evid.R. 56(1).
*150 Plaintiff argues that defendant had a duty not to startle the horse on which he was riding and that defendant's conduct violated N.J.S.A. 39:3-69, which prohibits the making of unnecessary noise with a car horn. He argues that either was sufficient to require the case to be submitted to the jury. He also argues that the trial judge erred in refusing to take judicial notice pursuant to Evid.R. 9 of the fact that horses may be frightened by sudden loud noises, thus establishing a causal link between defendant's negligence and the accident.
We are satisfied that the trial judge erred in taking the case from the jury. The driver of an automobile owes a duty to exercise reasonable care not only to operators of other motor vehicles, but also to pedestrians and other users of public roads. Poole v. Twentieth Century Operating Co., 121 N.J.L. 244, 246-247 (E. & A. 1938). A driver's duty thus extends to horsemen on the roads. N.J.S.A. 39:4-25.1 provides:
Every person riding an animal or driving any animal-drawn vehicle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by chapter four of Title 39 of the Revised Statutes and all supplements thereto, except those provisions thereof which by their very nature can have no application.
Cf. N.J.S.A. 39:4-72 (motor vehicle drivers are required to stop on signal by horsemen). Moreover, children are entitled to due care proportionate to their inability to foresee and avoid danger.[2]Rosenberg v. Holt, 102 N.J.L. 159, 160 (E. & A. 1925). A jury could reasonably infer that the honking of the car horn by defendant proximately caused the horse to bolt and throw plaintiff, thereby causing his injuries.
N.J.S.A. 39:3-69 provides in pertinent part that "[t]he driver of a motor vehicle shall, when reasonably necessary to *151 insure safe operation, give audible warning with his horn but shall not otherwise use such horn on a highway." Significantly, plaintiff did not refer to a violation of the statute in opposition to defendant's motion to dismiss. However, he need not have so referred and would not have been precluded thereby from a timely request for an instruction to the jury on that statute or any other applicable statute. We are satisfied that the referenced statute could be applied to situations where an unnecessary sounding of a horn resulted in an accident. Violation of the statute would be evidence of negligence and could be considered with all the other evidence in the case. Horbal v. McNeil, 66 N.J. 99, 104 (1974); Jones v. Strelecki, 49 N.J. 513 (1967); Phillips v. Scrimente, 66 N.J. Super. 157, 163 (App.Div. 1961). Accord, Dolson v. Anastasia, 55 N.J. 2, 10-11 (1969).
Furthermore, on defendant's motion for dismissal at the end of his case, plaintiff was entitled to all reasonable inferences in his favor as the party opposing the motion. Dolson v. Anastasia, supra, 55 N.J. at 5-6. Even in the absence of the cited statute, the violation of which we think created a question for the jury, principles of common law defining negligence in terms of the conduct of the reasonable man, Ambrose v. Cyphers, 29 N.J. 138, 144-145 (1959), would have allowed the issue of negligence to go to the jury. Wellenheider v. Rader, 49 N.J. 1, 7 (1967); Van Rensselaer v. Viorst, 136 N.J.L. 628 (E. & A. 1948), and Poole v. Twentieth Century Operating Co., supra, 121 N.J.L. at 247-248. It was for the jury to determine whether defendant was negligent in driving up behind an individual riding a horse and sounding a horn or otherwise making loud noises or whether defendant's actions were reasonable under the circumstances. See generally Annotation, "Automobiles: duty and liability with respect to giving audible signal before passing," 22 A.L.R.3d 325, 427-429 (1968); 2 Blashfield, Automobile Law & Practice (3 rev. ed. Kelly 1979), § 102.23 at 173, § 102.25 at 176-178.
*152 As to judicial notice of sudden, unexpected loud sounds, it appears to us within common knowledge that most animals, let alone humans, might be startled by such sudden, unexpected noises. Tabaka v. Gerard, 12 N.J. Misc. 110, 112, 169 A. 722, 723 (D.Ct. 1934). See McCann v. Consol. Traction Co., 59 N.J.L. 481, 484 (E. & A. 1896). See generally Annotation, "Liability of person transporting or conducting on highway an object which frightens horse," 5 A.L.R. 940 (1920). The excitability of horses in such a situation is, therefore, a proper subject of judicial notice under Evid.R. 9. See 12 Blashfield, supra, § 436.5 at 74.
We are of the opinion that jurors, as reasonable men and women, might well conclude that defendant was negligent in such circumstances in sounding his horn and that that could be the proximate cause of plaintiff's horse becoming frightened and throwing its rider. In any event, it is clearly a jury question.
Reversed and remanded.
NOTES
[1] Plaintiff also used the term "stirrups." What he was referring to are "the things that are hooked to the horse's mouth and you steer by." He admitted that he did not know the technical terms or "the real name" for reins which he seemed to confuse with the term stirrups.
[2] If there is sufficient evidence in the case of plaintiff's own negligence, when the case is submitted to the jury the jury should be instructed that it is necessary to take into consideration the age and experience of the plaintiff (then a minor) and his experience and capacity to understand and avoid the danger to which he was exposed in the actual situation under the circumstances. See Goss v. Allen, 70 N.J. 442, 447-448 (1976).