relevant factors. *State v. Roth,* 95 *N.J.* 334, 365–66, 471 *A.*2d 370 (1984).

Affirmed.

739 A.2d 982

ASA HOCHMAN AND ADIYA HOCHMAN, ADMINISTRATORS AD PROSEQUENDUM AND GENERAL ADMINISTRATORS OF THE ESTATE OF RUTH HANA HOCHMAN, DECEASED, PLAINTIFFS–APPELLANTS, v. SUSAN KARPENSKI, DEFEN-DANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 18, 1999—Decided November 10, 1999.

Before Judges PETRELLA and BRAITHWAITE.

*Laurence E. Appet*, argued the cause for appellants (*Enrico Luciano*, on the brief).

*Brian R. O'Toole*, argued the cause for respondent (*O'Toole & Couch*, attorneys; *Mr. O'Toole*, on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

After a trial, the jury returned a verdict of no cause of action dismissing the negligence and wrongful death action brought by plaintiffs Asa Hochman and Adiya Hochman, as *administrators ad prosequendum* and general administrators of the estate of Ruth Hana Hochman, their deceased nine year old daughter. The jury found that defendant Susan Karpenski was not negligent while driving her motor vehicle and colliding with the child.

On appeal, plaintiffs argue that the judge erred in refusing to instruct the jury as to a driver's duty to provide an audible warning with the horn when reasonably necessary to ensure safe operation of a motor vehicle under *N.J.S.A.* 39:3–69. They also argue that the judge erred in refusing to permit their human

factors engineer to testify on the use of the horn as an appropriate safety feature, and about options available to defendant under the circumstances of the case.

The accident occurred at about 4:30 p.m. on July 28, 1994 on Elm Street in Florham Park. The jury heard testimony from which it could have found that Karpenski was driving a few blocks from her home and within the posted 25 m.p.h. speed limit. According to Karpenski, as she was driving down Elm Street she noticed two young girls, nine year old Ruth Hana Hochman and her friend Natasha Quirch, talking at the roadside. She thought the two girls were not paying much attention to the road so she slowed down and prepared to stop as she was worried that they might step onto the street. Karpenski thought the two girls had seen her approaching because they appeared to be waiting for her to pass and as they stepped off the curb, one girl stopped the other and then both stepped back onto the curb. A van was approaching Karpenski in the opposite direction, so she moved her vehicle as far to the left of the roadway as she could and took her eyes off the two girls. Karpenski then started to increase her speed and heard a loud noise. She realized she had hit the young girl. The child was taken to the hospital by emergency services, but extensive efforts to resuscitate her were unsuccessful and she was pronounced dead at 6:20 p.m.

The jury only reached the first question on the special verdict form, the question of whether defendant was negligent, and whether that negligence was the proximate cause of the accident, and answered no by a 7 to 1 vote. The jury never reached any question of comparative negligence of the decedent or any other question.

Plaintiffs argue that the judge should have instructed the jury that a violation of *N.J.S.A.* 39:3–69 could be considered, along with other facts in the case, as some evidence of negligence. That statute deals with horns and audible warning devices and states in pertinent part:

> Every motor vehicle except a motor-drawn vehicle when operated upon a highway shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or a whistle. The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn but shall not otherwise use such horn when upon a highway.
>
> [*N.J.S.A.* 39:3–69]

Plaintiffs rely on *Maini v. Hassler,* 38 *N.J.Super.* 81, 84, 118 *A.*2d 68 (App.Div.1955), where the issue was whether a statute regulating the use of headlights should have been considered by the jury in connection with all of the other facts with respect to the issue of negligence. The issue was whether use of the low headlight beam, rather than the high beam, alone, or in conjunction with other circumstances, constituted negligence in the operation of the car which proximately caused the accident. We do not consider that case determinative. There, the requirement to have lights on while driving essentially exists continuously from dusk to dawn. There is no condition which makes use of lights optional during this period, unlike the case on appeal, where the propriety as to the use or non-use of the horn depends on the circumstances.

The trial judge relied on *Bracken v. Bruce,* 190 *N.J.Super.* 146, 462 *A.*2d 201 (App.Div.1983), in concluding that the statute (*N.J.S.A.* 39:3–69) was designed primarily to prohibit unnecessary noise, rather than to create a duty to use the horn. The judge interpreted the "when reasonably necessary" language in the statute as raising a defense for a driver charged with making unnecessary noise.

We agree with the trial judge that the main thrust of *N.J.S.A.* 39:3–69 is the prevention of unnecessary noise. The phrase "when reasonably necessary" affords a defense for drivers who could be charged with a violation of the noise limitation rather than create an express duty of use. If this was not so, drivers might be charged with a violation of the statute where they failed to sound their horn when it was reasonably necessary. *Bracken v. Bruce, supra,* 190 *N.J.Super.* 146, 462 *A.*2d 201, presented a

situation where the unnecessary use of a horn appeared to be the very cause of the incident which gave rise to the injury.

 Proper jury instructions are an essential in every civil trial. *See Kaplan v. Haines,* 96 *N.J.Super.* 242, 251, 232 *A.2d* 840 (App.Div.1967), *aff'd,* 51 *N.J.* 404, 241 *A.2d* 235 (1968), overruled on other grounds, *Largey v. Rothman,* 110 *N.J.* 204, 206, 540 *A.2d* 504 (1988). Here, we are satisfied that whether or not *N.J.S.A.* 39:3-69 could be read as establishing some duty for a motorist to blow a horn in an emergency situation, under the circumstances of this case the judge did not err in declining to charge that this statute imposed some standard or duty. The jury was neither misled nor inadequately informed by the charge as given. *Mehlman v. Mobil Oil Corp.,* 153 *N.J.* 163, 194, 707 *A.2d* 1000 (1998); *Navarro v. George Koch & Sons, Inc.* 211 *N.J.Super.* 558, 570-571, 512 *A.2d* 507 (App.Div.), *certif. denied,* 107 *N.J.* 48, 526 *A.2d* 138 (1986). Even if it was error not to charge the language of the statute, there was no reversible error and no mistaken exercise of discretion. Jurors are presumed to be familiar with the standard of care in automobile negligence cases. Indeed, formerly our model civil jury charges contained language to the effect that in the usual automobile negligence action it is sufficient for plaintiff to prove what defendant did or failed to do, and what the circumstances were. *Model Jury Charges—Civil,* § 5.28(C) (1977) (amended by § 5:36(B) (1982)); *see Sanzari v. Rosenfeld,* 34 *N.J.* 128, 134, 167 *A.2d* 625 (1961). It is then for the jury to determine whether defendant exercised such care as a reasonably prudent person would have exercised for the safety of others. *Ibid.; see also Fantini v. Alexander,* 172 *N.J.Super.* 105, 108, 410 *A.2d* 1190 (App.Div.1980). The standard of care is reasonable prudence to avoid injury to another, and the jury, in effect, supplies that standard in the automobile negligence case without the necessity of expert opinion by deciding what a reasonable prudent person would have done in the circumstances. *See Sanzari, supra,* 34 *N.J.* at 134, 167 *A.2d* 625; *Fantini, supra,* 172 *N.J.Super.* at 108-109, 410 *A.2d* 1190.

■ On the other hand, in his discretion the judge in the instant case could well have charged the portion of the statute which indicates: "The driver of a motor vehicle shall, when reasonably necessary to ensure safe operation, give audible warning with his horn but shall not otherwise use such horn when upon a highway." The refusal to do so here under the circumstances was neither an abuse of discretion nor reversible error because the issue of negligence encompassed all the circumstances of the incident.

Here, the jury was given the facts and circumstances, essentially as set forth above. On cross-examination defendant conceded that she did not use her horn, although she had an operable horn. The attorneys each argued in summation concerning the lack of the use of the horn, with defendant indicating that his client thought the children saw her and stepped back onto the curb and thus there was no need for her to use the horn. Plaintiff's attorney argued to the jury that defendant had several options when she saw the children, including stopping or blowing her horn. He argued that under the circumstances it was within the realm of reason for defendant to blow her horn.

The testimony at trial was to the effect that Karpenski believed that sounding the horn was not necessary to ensure the safe operation of her vehicle because she thought the children had seen her and, indeed, had stepped back onto the curb. We are satisfied that the jury was neither misled by the instructions given, *Latta v. Caulfield*, 79 *N.J.* 128, 135, 398 *A.*2d 91 (1979), nor was there any error capable of producing an unjust result. *R.* 2:10–2.

■ Nor do we find error in the trial judge's refusal to allow plaintiff's expert on human factors engineering to opine on the use of a car horn as a safety feature. The judge essentially concluded that expert testimony was not necessary since the operation of the motor vehicle and the use of a horn was within the knowledge of the average juror.[1] *See State v. Kelly*, 97 *N.J.* 178, 208, 478 *A.*2d

---

[1] Counsel conceded that all of the jurors were licensed motor vehicle operators.

364 (1984). *See also DeHanes v. Rothman,* 158 *N.J.* 90, 100, 727 *A.*2d 8 (1999); *Landrigan v. Celotex Corp.,* 127 *N.J.* 404, 413, 605 *A.*2d 1079 (1992); *N.J.R.E.* 702.

Here, the jury was capable of determining when, if, or how a vehicle's horn, or "audible warning device" should be used. The facts relating to the non-use of the horn were brought out at trial and, as noted, were addressed in summation. There was no prejudice to plaintiffs by the preclusion of expert testimony on an issue that did not need expert testimony.

There was clearly sufficient evidence for the jury to have reached the verdict that it did. *Glass v. Suburban Restoration Co., Inc.,* 317 *N.J.Super.* 574, 583, 722 *A.*2d 944 (App.Div.1998); *Popow v. Wink Associates,* 269 *N.J.Super.* 518, 530, 636 *A.*2d 74 (App.Div.1993); *Pickett v. Lloyds,* 252 *N.J.Super.* 477, 490, 600 *A.*2d 148 (App.Div.1991), *aff'd,* 131 *N.J.* 457, 621 *A.*2d 445 (1993).

Affirmed.