**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5625-17T1

GERONIMO Q. MINESES, JR.,

    Plaintiff-Appellant,

v.

EDGAR G. CARRERA-LOPEZ,
DONERITE TRUCKING, LLC,
and FRANKLIN AGUILAR,

    Defendants-Respondents.

_____

VILMA MINESES, by her subrogee
STATE FARM INDEMNITY
COMPANY,

    Plaintiff,
v.

PLAZA INSURANCE COMPANY,

    Defendant.

_____

        Argued telephonically June 11, 2019 – Decided July 5, 2019

        Before Judges Koblitz, Currier and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4381-16.

Ernest Blair argued the cause for appellant (Karim Arzadi, attorney; Ernest Blair, on the briefs).

Terrence John Bolan argued the cause for respondents (Bolan Jahnsen, attorneys; Terrence John Bolan, on the brief).

PER CURIAM

Plaintiff Geronimo Q. Mineses, Jr. appeals from a June 22, 2018 final judgment after a no cause jury verdict, finding plaintiff failed to prove defendant Edgar G. Carrera-Lopez[1] was negligent. In addition, plaintiff appeals from a July 20, 2018 order denying his motion for a new trial. We affirm both orders.

The jury had to determine whether defendant was liable for an automobile accident occurring on October 19, 2015. On the liability issue, the jury heard testimony from plaintiff, defendant, and a police officer who responded to the accident, Officer Christopher Cavallo.

Plaintiff testified at trial he was stopped at an intersection in the center lane of a three-lane highway. Defendant's truck was directly behind his car. When the light turned green, plaintiff stated he began to move forward when he

---

[1] Plaintiff named two additional defendants in his complaint. However, counsel and the trial court referred only to defendant Edgar G. Carrera-Lopez throughout the trial.

A-5625-17T1

was struck from behind by defendant. The impact caused his car to turn in front of the truck and he was pushed thirty feet. According to plaintiff, he did not change lanes prior to being struck by the truck. At the scene of the accident, plaintiff provided a statement to the responding police officer.

Defense counsel cross-examined plaintiff regarding his version of the accident. Defense counsel also read to the jury the portion of plaintiff's deposition explaining the accident. During his deposition, plaintiff testified defendant's truck hit his car near the left rear tire. At trial, plaintiff stated defendant's truck struck the rear of his car.

Officer Cavallo testified he was dispatched to the accident scene. The officer was unable to recall specific details regarding this particular incident, but described his usual procedure when responding to a motor vehicle accident. Officer Cavallo explained that he typically takes statements from the individuals involved in an accident. In this case, he created a written report after the accident and referred to the report during his trial testimony. According to Officer Cavallo, plaintiff said defendant's truck hit his car from behind, causing the car to turn in front of the truck and dragging the car thirty feet.

Officer Cavallo testified he also spoke with defendant. Defendant allegedly told the officer that he did not realize plaintiff's car was in front of him

and his truck hit plaintiff's car from behind. On cross-examination, Officer Cavallo admitted the parties' statements in his written report were not verbatim. He also testified that the damage to plaintiff's car was located in the "rear driver's side quarter panel or back fender."

The jury also heard testimony from defendant. According to defendant, prior to the accident, he was stopped at a red light in the center lane. Defendant stated plaintiff's car was to the right of his truck. When the light turned green, defendant explained "the next thing [he] knew [plaintiff] was in front of [defendant's truck]." He further testified, "I don't know [why Officer Cavallo wrote the truck hit plaintiff's car from behind] . . . , because I told him one thing and what's on the report is something else."

After completion of the testimony, the judge conducted a charge conference. Plaintiff requested the judge instruct the jury on N.J.S.A. 39:4-89, which requires drivers to follow at a reasonable distance. Defendant asked the judge to include a charge based on N.J.S.A. 39:4-88(b), which requires drivers to perform safe lane changes.

Plaintiff's counsel objected to inclusion of the unsafe lane change charge, arguing there was insufficient evidence to support such a jury instruction. The

judge overruled plaintiff's objection, finding there was sufficient evidence to infer plaintiff failed to change lanes safely.

In the final charge, the judge explained that the jury "should consider the[] instructions as a whole, and . . . not pick out any particular instruction and place undue emphasis upon it." The judge also stated the jury's decision should be "based solely on the evidence presented and [the judge's] instructions on the law." In addition, the jury was instructed "to decide which witness[es] to believe and which witnesses not to believe." Specifically, the judge told the jury to assess the credibility of the witnesses by examining the witnesses' interest in the outcome of the case, the accuracy of the witnesses' testimony, and any explanation given by the witnesses to explain any inconsistencies in the testimony.

With regard to the specific evidence, the judge explained the case involved a car accident and plaintiff alleged that defendant was negligent. The judge told the jury that defendant denied he was negligent and claimed in turn that plaintiff was negligent. The judge instructed the jury that it would decide the issue of negligence.

The judge further told the jury that a party making an allegation must prove the allegation by a preponderance of the evidence. The trial judge stated,

[i]n this action, the plaintiff has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove . . . that the defendant was negligent and that said negligence was a proximate cause of the accident.

However, the trial judge omitted a similar instruction regarding the defendant's burden of proof. The judge told the jury both parties "assert that the other party was guilty of negligence in the operation of their automobile," that each party asserted the other violated a specific motor vehicle statute, and the jury could find the violation of a statute constituted negligence.

After the judge charged the jury, plaintiff's counsel requested a sidebar conference. Plaintiff argued the judge failed to instruct the jury on defendant's burden of proof. During the sidebar colloquy, the judge ruled that the jury was told defendant had the same burden of proof as plaintiff.[2] The judge believed he had instructed the jury properly and denied the request to add to the charge. The jury then deliberated and unanimously found plaintiff failed to prove defendant was negligent. As a result, the jury did not consider the remaining questions on the verdict sheet, including the question regarding plaintiff's negligence.

_____

[2] In his merits brief, defendant concedes the judge omitted the portion of the model jury charge related to defendant's burden of proof.

A-5625-17T1

Plaintiff filed a motion for a new trial, arguing the evidence demonstrated defendant was negligent in the operation of his truck. Plaintiff also claimed "[t]here's nothing . . . offered by the defendant to account for an improper lane change." Plaintiff asserted the jury overlooked uncontroverted evidence and "[a] terrible wrong was committed by th[e] jury."

In a July 20, 2018 order, the judge denied the new trial motion. He found the testimony and evidence presented at trial allowed the jury to infer plaintiff caused the accident. The judge therefore did not "find that . . . there was a miscarriage of justice."

On appeal, plaintiff argues the judge erred in denying his motion for a new trial. In addition, plaintiff contends it was an error for the judge to charge the jury regarding an unsafe lane change, N.J.S.A. 39:4-88(b). Further, plaintiff claims the judge erred in failing to charge the jury as to defendant's burden of proof. Because defendant requested the jury be instructed regarding plaintiff's violation of N.J.S.A 39:4-88(b), plaintiff asserts the judge should have instructed that defendant had the burden of establishing the facts necessary to prove the unsafe lane change allegation against plaintiff.

A new trial motion is governed by Rule 4:49-1. In accordance with the rule, "[t]he trial judge shall grant the motion [for a new trial] if, having given

due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law."  R. 4:49-1(a).  A trial court's ruling on a "motion for a new trial will not be disturbed unless it clearly appears that there was a miscarriage of justice under the law."  Diakamopoulos v. Monmouth Med. Ctr., 312 N.J. Super. 20, 36 (App. Div. 1998) (citing Caldwell v. Haynes, 136 N.J. 422, 432 (1994)).   Jury verdicts are "entitled to considerable deference and 'should not be overthrown except upon the basis of a carefully reasoned and factually supported and articulated determination, after canvassing the record and weighing the evidence, that the continued viability of the judgment would constitute a manifest denial of justice.'"  Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 521 (2011) (quoting Baxter v. Fairmont Food Co., 74 N.J. 588, 597-98 (1977)).

Jury trials are the bedrock of our system of civil justice, and the jury's fact-finding function deserves a high degree of respect and judicial deference. See Caldwell, 136 N.J. at 432.  In assessing the strength of the proofs, a jury verdict is "impregnable unless so distorted and wrong, in the objective and articulated view of a judge, as to manifest with utmost certainty a plain

A-5625-17T1

miscarriage of justice." Doe v. Arts, 360 N.J. Super. 492, 502-03 (App. Div. 2003) (quoting Carrino v. Novotny, 78 N.J. 355, 360 (1979)).

Applying these principles, we are satisfied there was ample evidence for the jury to reasonably find plaintiff failed to establish defendant was negligent in the operation of his truck. The damage described by the parties and shown on the photographs was on the driver's side rear panel, not the rear bumper as later claimed by plaintiff. In addition, it was the jury's province to assess the credibility of the parties' inconsistent versions of the accident.

We next consider plaintiff's argument that the judge's instructions to the jury were erroneous. "It is axiomatic that clear and correct jury charges are essential to a fair trial, and the failure to provide them may constitute plain error." Das v. Thani, 171 N.J. 518, 527 (2002) (citing State v. Robinson, 165 N.J. 32, 40 (2001)). Reversible error "will not be found where the charge, considered as a whole, adequately conveys the law and is unlikely to confuse or mislead the jury, even though part of the charge, standing alone, might be incorrect." Fischer v. Canario, 143 N.J. 235, 254 (1996) (citing Latta v. Caulfield, 79 N.J. 128, 135 (1979)).

Here, the judge instructed the jury that a party asserting an allegation had the burden of proving the allegation. The judge should have also instructed the

jury specifically as to defendant's burden of proof regarding his allegations as the judge did with regard to plaintiff's burden of proof. But the error is harmless. The first question on the verdict sheet asked whether plaintiff proved defendant was negligent. Having unanimously answered "no" to that question, the jury did not deliberate on the remaining questions, including whether plaintiff was negligent. The jury never had to decide whether defendant met his burden of proving plaintiff's negligence because plaintiff failed to satisfy his burden of proof regarding defendant's negligence.

In reviewing the record, the jury charge as a whole adequately conveyed the law regarding negligence. Because the jury never reached the issue of plaintiff's negligence, the judge's failure to explicitly state defendant had the burden of proving plaintiff's negligence did not confuse or mislead the jury. Moreover, defense counsel never argued the issue of plaintiff's negligence during summation. Consequently, we are satisfied that the jury was not confused and properly applied the law as instructed by the judge.

We are satisfied there was sufficient credible evidence to support the jury's verdict and, therefore, we discern no basis for disturbing the judge's denial of plaintiffs motion for a new trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5625-17T1